**UNITED STATES of America**
**v.**
**Stanley H. THORNTON, Appellant.**
**Nos. 23042, 23525.**

United States Court of Appeals, District of Columbia Circuit.

April 5, 1972.

Mr. Robert B. Norris, Washington, D. C. (appointed by this court), was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and John A. Terry, David T. Austern, William S. Block, and Robert Richard Chapman, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

**PER CURIAM:**

Appellant Thornton and his accomplice Henson were arrested and charged with second degree burglary. The same lawyer was appointed to represent both defendants. They were subsequently indicted for second degree burglary and grand larceny, and while represented by the same attorney both entered pleas of not guilty. Two and a half months later the trial judge, who had taken their pleas at arraignment on these charges, *sua sponte* severed the two cases for trial because they were represented by the same attorney.

At trial appellant was found guilty of both charges and sentenced to concurrent terms of imprisonment for 1 to 8 years on each count but consecutively to other sentences in other cases. On this appeal he contends that the District Court erred: (1) in appointing the same attorney to represent both defendants; (2) in failing to hold a hearing to determine whether an in-court identification was of independent origin; (3) in admitting into evidence an electric razor set referred to in the indictment; and (4) in not acquitting appellant on grounds of insanity. Appellant's prior claim to an insanity defense, in another case, was recently rejected in United States v. Thornton, No. 24,370, D.C. Cir., September 28, 1971 (unreported judgment).

■ 1. Since the cases were tried separately we find that no prejudice resulted from the dual representation.

■ 2. The second point was not raised at trial, but when the situation arose the U. S. Attorney anticipated appellate consideration of the issue and proffered the evidence that would have been revealed by a pretrial evidentiary hearing (Tr. 3–4). Under these circumstances, since appellant did not move for suppression of the testimony, the point was waived. In addition, from the proffered testimony we conclude that the identification was not improperly suggestive.

3. The third point involves the admission into evidence of the black case containing the electric razor. No objection to the introduction of this evidence was made at trial. Appellant must thus establish plain error. An electric razor and case had been stolen from the premises involved. The complainant was unable to positively identify the razor as being his property, but he did identify the razor and case as being of the same make and type as the one that had been stolen from him (Tr. 27). There was also testimony that appellant was seen shortly after the theft carrying a balled-up red sweater in his hands; that a few minutes later a police officer recovered the razor and case and a discarded red sweater near the scene of the appellant's arrest; and that the razor and case offered as evidence was the one recovered at that time (Tr. 61–62, 64). Under these circumstances all of such testimony and evidence was admissible as circumstantial evidence that appellant committed the offense.

4. On November 4, 1969 the trial court ordered a psychiatric examination of appellant, and on April 8, 1971, Judge Gesell sitting without a jury heard the evidence on the issue of insanity and ruled adversely upon appellant's claim. This ruling was fully supported by the diagnosis of the psychiatrist, which was "social maladjustment and drug dependence. . . . This social maladjustment was without manifest psychiatric disorder." We find Judge Gesell's ruling to be fully supported by substantial evidence.

The instant crime was committed on October 1, 1968. Appellant was also convicted of having committed an armed robbery and assault with a dangerous weapon on November 23, 1968. In the trial of that other offense he unsuccessfully interposed an insanity defense and by our judgment of September 28, 1971 in United States v. Thornton, *supra*, we affirmed that conviction. We thus come to the same conclusion on the issue of insanity in this case that we came to in No. 24,370.

The judgment of the District Court is accordingly

Affirmed.